GEORGE W. HEARD, Appellant, v. THE CALHOUN SCHOOL DISTRICT, Respondent.

Kansas City Court of Appeals, May 25, 1891.

1. **Bills and Notes:** MUNICIPAL BONDS: RECITALS. The recitals of a bond issued by a public corporation, in this case, a school district, are neither *prima facie*, nor conclusive, evidence of the required authority to issue the same. All the steps necessary to confer the authority to issue the bonds must be proved, whether the bonds recite that these steps have been taken or not.

Heard v. The Calhoun School Dist.

2. ———: ——— : EVIDENCE : SUFFICIENCY OF RECORD : NOTICE OF IRREG-
ULARITIES. The record of the board of directors of a school district
shows on March 8 a petition of the taxpayers praying that a
proposition be submitted to the qualified voters of the district to
be voted on at the annual election on Tuesday, April 1, to borrow
$1,500 for the purpose of adding a second story to the school build-
ing, etc.; that the prayer of the petition was "accepted," and that,
on a subsequent meeting of the board on April 2 for the purpose of
recording the result of the election, it was ascertained and deter-
mined that the proposition to borrow $1,500 was carried by "some
thirty-one votes, over two-thirds majority." *Held,—*

   (1) The facts recited in the record justified the inference that
       the election did take place, and that the record of the vote
       at the annual meeting was preserved by the district clerk
       and by him laid before the board of directors, and, from
       this, the result was ascertained and disclosed.

   (2) Said declaration was *prima facie* evidence of the facts it
       declared.

   (3) The authority to issue the bonds being thus fixed, irregu-
       larities in their issue could not affect an innocent holder.

*Appeal from the Henry Circuit Court.*—HON. D. A.
DEARMOND, Judge.

REVERSED AND REMANDED.

*Johnson & Lucas,* for appellant.

(1) The authority of the defendant to borrow the
money is fully granted by sections 7032 and 7038,
Revised Statutes of 1879, as amended Acts of 1881,
pages 200 and 201, and the admissions made a *prima
facie* case for plaintiff; where the power is given subject
to certain conditions, and the bonds import a compliance
with the requirements of the law, the *bona fide* holder
is not obliged to look further for proof of the perform-
ance or observance of the conditions whether they are
imposed by the law, or are expressly created in the
grant of powers. *Johnson v. January,* 4 Otto, 202;
*Mercer Co. v. Hackett,* 1 Wall. 83; 17 L. C. P. Co. 548.

And our own supreme court has held that these recitals
in the bonds are *prima facie* evidence. *Smith v. Clark
Co.,* 54 Mo. 58; *Whittemore v. Obear,* 58 Mo. 286;
*Flagg v. Palmyra,* 33 Mo. 440; *Barrett v. Schuyler
Co.,* 44 Mo. 201; *State ex rel. v. Court,* 45 Mo. 248;
*Steines v. Franklin Co.,* 48 Mo. 184. The case of *Car-
penter v. Town of Lathrop,* 51 Mo. 482, cannot be con-
strued as militating against the above cases for several
reasons apparent upon a moment's reflection. (2) Giv-
ing, however, to the *Carpenter case* the strongest inter-
pretation possible for defendant, still the court erred in
sustaining the demurrer, as the evidence in the case at
bar brings it within the rule of that case. The language
of Judge VORIES in the *Carpenter case* is as follows,
page 499, "The plaintiff would still have to show with
reasonable certainty that an election was held at which
the vote was taken, and that it had been taken, and the
result decided substantially in conformity to the law."
This, the plaintiff contends, was done. *First.* By
the recital in the bond. *Second.* By the admissions
of the defendant and the evidence in the case,
abstract of record, meeting of defendant board March
8, 1884, order of submission to district for creation of
$1,500 of indebtedness, at annual election, Tuesday,
April 1, 1884. By the meeting of defendant board,
April 2, 1884, and casting up of the vote, and determin-
ing the question of the result of the election. (3)
Defendant ratified the action of its board of directors
in the issuance of this bond, and is estopped from now
defending against the same, by paying the first two
installments of interest thereon, and by receiving and
keeping the proceeds of the sale of the bonds. Tiede-
man on Commercial Paper, sec. 482, p. 111; *Railroad
v. Marion Co.,* 36 Mo. 274; *Barrett v. Schuyler Co.,* 44
Mo. 197; *Nofsinger v. Vogt,* 88 Mo. 589; Lawson,
Presumptive Evidence, rule 14, p. 53, and cases cited;
*Baker v. Owen,* 101 Mo. 407.

*James Parks & Son,* for respondent.

(1) There was no power in the defendant to issue bonds. The authority to borrow could not be granted at annual election; it could be granted only by an election for that purpose. Amended Laws, 1881, secs. 7032, 7033; Sessions Acts, 1881, pp. 200 and 201. The legislature, afterwards, by legislative enactment, construed the power to be confined to the special meeting, and by that enactment extended the power to the annual meeting. R. S. 1889, sec. 7981. "Courts should give some weight to, and rely with some degree of confidence on, such legislative construction." *Railroad v. Brick Co.,* 85 Mo. 307. (2) The holding of the election in substantial compliance with the mode above set forth is an essential prerequisite to the vesting of the power in the board of directors to borrow money in the name and on behalf of the district. *Bassett v. Mayor,* 37 Mo. 272; *State v. Binder,* 38 Mo. 456; *Steines v. Franklin Co.,* 48 Mo. 167; *Carpenter v. Town of Lathrop,* 51 Mo. 483; *State ex rel. v. Brassfield,* 67 Mo. 331. (3) The recitals in the bond, sued on, are not *prima facie* evidence of the matter therein recited. *Carpenter v. Town of Lathrop, supra; State v. Greene Co.,* 54 Mo. 574. (4) Even though the execution of the instrument sued on stands confessed under the pleadings, the recitals in the bond do not prove or tend to prove the delegation of the power to execute. *Carpenter Case,* 51 Mo. 483. (5) The respondent is not estopped by the conduct of its board of directors. The doctrine of estoppel cannot be invoked against a school district. *Sturgeon v. Hampton,* 88 Mo. 203; *Book v. Earl,* 87 Mo. 246; *Johnson v. Dist.,* 67 Mo. 319; *Maupin v. Franklin Co.,* 67 Mo. 330; *State to use v. Tiedman,* 69 Mo. 519; *Crutchfield v. Warrensburg,* 30 Mo. App. 463; *Heidelberg v. St. Francois Co.,* 100 Mo. 69. (6) All the proceedings of the directors of school district and of all meetings,

both annual and special, are required to be made of record, and preserved in the records of the district. R. S. 1889, sec. 7979; R. S. 1879, sec. 7031; R. S. 1889, sec. 7990; R. S. 1879, sec. 7042; R. S. 1889, sec. 8012; R. S. 1879, sec. 7069.

SMITH, P. J.—This is an action brought by the plaintiff against the defendant, a school district, in the county of Henry and state of Missouri, on a school bond, and certain interest coupons thereto attached, aggregating $1,980. Plaintiff alleges that same was issued under authority of laws of Missouri, Acts, 1881, page 201, to rebuild schoolhouse for defendant, and the money used therefor, and that he is the owner and holder for value, without notice before maturity; that defendant paid the first two installments of interest, and that the bond and all interest coupons are now due and unpaid. Defendant's answer is a general and special denial. The case, however, turns solely on the action of the court in sustaining the demurrer of the defendant at the close of plaintiff's evidence. It was admitted, *first*, that plaintiff is the owner and holder of the bond and coupons sued on, and that he purchased the same for value before maturity. *Second.* That defendant is a corporation, a school district, organized under the laws of the state of Missouri, and that the signatures to the bonds are Lycurgus L. Kensinger and Emanuel Bushnell, who were respectively president and clerk of said district at the time said bonds were issued. *Third.* That $1,500 was paid the district, and used in the building of the schoolhouse. The record of the school district was introduced into evidence as follows:

"CALHOUN, Mo., March 8, 1884.

" Board of Education met by call of the president.

"Present, L. L. Kensinger, J. O. Edmonson, J. Medberry, E. Bushnell. Absent, M. Reeves and R. Kirkpatrick. Minutes of last meeting read, and stand

approved. The object of the meeting was to make preparation for an annual election. A petition with the legal number of citizens and taxpayers was presented to the board for action, and, on the usual motion, was accepted. The petition asks that a proposition be submitted to the qualified voters of Calhoun district number 7, to be voted on at the annual election, Tuesday, April 1, 1884, to borrow fifteen hundred dollars ($1,500), for the purpose of adding on a second story to the school building in said district, said loan to be paid by a levy of one per cent. on all taxable property, until paid. Also, a proposition ordered to be submitted to the voters to increase the school fund, in addition to the regular levy of one half per cent. on the $100, for a school term of eight months, election to be held in Dr. Holcomb's office. It was moved and seconded that a term of eight months be taught, if the money is provided, to begin September 1, 1884; carried.

"On the usual motion, the board adjourned.

"L. L. KENSINGER,

"E. BUSHNELL,                     President.
        "Clerk.

"Page 129."

"CALHOUN, Mo., April 2, 1884.

"Board of Education met by call of the president.

"Present, L. L. Kensinger, J. Medberry, J. O. Edmonson and E. Bushnell. Absent, M. Reeves and R. Kirkpatrick. Minutes of the last meeting read and approved. The object of the meeting was to record the result of an annual election and qualify directors elected. It was announced that J. W. Gedney and L. L. Kensinger were elected to serve for three years, term to expire at the annual election, 1887. The above-named directors elect were duly qualified to act as directors for district number 7, Calhoun. Account for judges and clerks of election was presented to the board and allowed; warrant ordered to be drawn for amount

of $7.50. Proposition 2, to borrow $1,500, carried by some thirty-one votes over two-thirds majority. Proposition 3, to increase school levy one-half per cent. on the $100, carried by majority vote. It was moved, seconded and carried, that proposals to add on the second story to school building according to plans and specifications as to brick and carpenter work be advertised in the *Henry County Democrat*, for three weeks, to the lowest and best bidder, bids to be received separately for each class of work above named. Bids to be opened on Friday, April 25, 1884, at one o'clock P. M. On the usual motion, the board adjourned.

"L. L. KENSINGER,

"E. BUSHNELL,                              President.
"Clerk.'

And it was then admited by the defendant that the record offered in evidence was all the records in the possession of the school district touching said question of the issuance of said bonds.

The bond sued on was offered in evidence which contained the following recitals: "This bond is issued for the purpose of erecting a schoolhouse in said district, pursuant to an order of the board of directors, of said district, made on the eighth day of March, A. D. 1884, and is authorized by a two-thirds majority of the votes cast at a special election held in said district on the first day of April, A. D. 1884, under and in accordance with the provisions of article 1, chapter 150, sections 7032 and 7033, of the Revised Statutes, of the state of Missouri of 1879, as amended by the Session Acts of 1881, which have been fully complied with in the issuance of this bond.

"In testimony whereof the said Calhoun school district number 7, township 43, ranges 24 and 25, of Henry county, Missouri, has executed this bond by the president of the board of directors of the said school district under the order of said board, signing his name hereto and to the coupons hereto attached, as such

president, for and on behalf of said school district, and by the clerk of said district, under the order of said board, attesting same as the act of said district, this twenty-seventh day of May, A. D. 1884.

"LYCURGUS L. KENSINGER,

"President of the Board of Directors of school district number 7, township 43, ranges 24 and 25, of Henry county, Missouri.

"EMANUEL BUSHNELL.

"Clerk of school district number 7, township 43, ranges 24 and 25, of Henry county, Missouri."

Kensinger and Bushnell who were, respectively, president and secretary of the school board were dead. Two of the coupons on the bond were paid. There was some parol evidence tending to show that there were notices of the election posted up, but none as to the number of places, or the time of the posting of the same, and also that there was an election held about April 1, 1884. The demurrer to the evidence being sustained, as already stated, the plaintiff took a nonsuit with leave, etc., and, after an unsuccessful motion to set the same aside, appealed here.

I. The act of March 22, 1881, Session Acts, 1881, page 199, conferred upon school districts full power to borrow money for the purpose of building schoolhouses, and to issue bonds for the payment thereof, in the manner therein provided. The act provides : "The question of loan shall be decided at an election held for that purpose; notice of said election shall be given at least twenty days before the same shall be held, by at least six printed or written notices, posted in six public places in the school district where said election shall be held, and the amount of loan required and for what purpose ; it shall be the duty of the clerk to sign and post said notices ; the qualified voters shall vote by ballot, those voting for the loan shall have on their ballots the words, "For the loan," and those voting against

the loan the words, "Against the loan," and, if two-thirds of the votes cast shall be for the loan, the district board shall be vested with the power to borrow money in the name of the district to the amount and for the purpose specified in the notices." Session Acts, 1881, pp. 200, 201. The plaintiff contends that the recitals in the bond, taken in connection with the admissions, heretofore stated, made a *prima facie* case for him. He strenuously insists that, when a power is given, subject to certain conditions, that the recitals of these conditions in the bond itself import a compliance with the requirements of the law, and that the *bona fide* holder is not obliged to look further for proof of the performance or observance of the conditions, whether they are imposed by the law or are expressly created in the grant of power. This contention is quite well supported by the rule of decisions in the supreme court of the United States (*Commissioners, etc., v. Aspinwall,* 21 How. 544; *Johnson Co. v. January,* 4 Otto, 202; *Mercer Co. v. Hackett,* 1 Wall. 83); and indeed by some of the earlier decisions of the supreme court in this state. *Flagg v. Palmyra,* 33 Mo. 440; *Barrett v. Schuyler Co.,* 44 Mo. 201; *Steines v. Franklin Co.,* 48 Mo. 184; *State v. Saline Co. Ct.,* 45 Mo. 248.

In *Smith v. County of Clark,* 54 Mo. 58, Judge NAPTON in speaking of this power remarks that, "it is derived from the law, without which the unanimous vote of every voter in the county or city could not confer it. The law gives the power, but restricts its exercise by requiring an election. The power is not derived from the people of the city or county or township, but from the legislative branch of the state government." The learned judge states in effect that the purchaser of these commercial securities, issued by municipal subdivisions, is authorized to assume that they have done their duty, as the bonds on their face certify. But the majority of the court in the same case, speaking through Judge ADAMS, expressly repudiate the statement made

by Judge NAPTON of the law in this regard, and declare that the recitals in the bonds, there in issue, "did not amount to an estoppel; although that is the settled doctrine of the supreme court of the United States, it has not been sanctioned here so as to make it a rule of decision in this state." In *Carpenter v. Town of Lathrop*, 51 Mo. 483, which was a suit on bonds issued by defendant town to a railway, in pursuance of a subscription for that purpose, it was said "that the plaintiff seems to have relied upon the recitals made in the bonds, and upon the record of the order for the printing of the bonds made by the trustees of the town. I have already stated that I do not think that these recitals are sufficient evidence to bind the defendant, or to show that the power existed in the trustees to execute the bonds. The recitals would doubtless be sufficient to justify an innocent purchaser in receiving the bonds without being charged with notice of any mere irregularities in the conferring or exercise of the power necessary to their issue, and I think this is the only effect the recitals could have." In *State ex rel. v. Greene Co.*, 54 Mo. 540, in the very elaborate opinion by Judge SHERWOOD, the explanatory opinion of Judge ADAMS in *Smith v. Clark Co.*, *supra*, is referred to and reaffirmed, and the announcement is made that, "this court has ever since the adoption of our present constitution constantly repudiated the idea that false recitals in a bond, purporting to have been issued by a county court, would conclude the county or the taxpayer from denying such recitals. * * * I apprehend that the assumption that the purchaser of a bond under such circumstances is an innocent purchaser of the bond within the meaning of the law, and the county or taxpayers thereof estopped from denying the recitals in the bonds, though falsely made, is not only opposed to the well-settled law on the subject of such agencies, as well as against reason." In *Carpenter v. Town of Lathrop*, *supra*, the court in disapproving what was declared in

*Knox Co. v. Aspinwall*, already referred to, declared that "the *dictum* of the judge in the case just named seems to go further and hold, when one who professes to act as agent, or by delegated authority, shall falsely write in an instrument which he attempts to execute, that the power is conferred, that in such case the principal is bound by the recital, however false it might be, or in other words that an agent may not bind his principal by his acts, recitals and admissions within the scope of his authority as given him by the principal, but that he may go further and prove the authority itself by such recitals. This cannot be the law." It is thus seen that the rule which now obtains in this state is, that the recitals in a bond of the class to which that sued on belongs are neither *prima facie*, nor conclusive, evidence of the required authority to issue the same. These recitals in the bond, of themselves, prove nothing. The bond, it seems, would be just as valid without them. They do not dispense with the necessity of proving what they recite when an action is brought on the bond. All the steps necessary to confer the authority to issue the bonds must be proved, whether the bonds recite that these steps have been regularly taken, or not. The recitals, it seems, in no way help the bondholder. They do not operate as an estoppel on the municipality that made them, and on the faith of which it may be that the bond was purchased. The recitals, therefore, in the bond must not enter into the consideration of the case in determining the propriety of the action of the court in sustaining the demurrer to the evidence.

The question which is at last to be decided is whether, upon the entire evidence adduced, the plaintiff showed himself entitled to recover. If the authority is derived from the decision of the qualified voters at an election, instead of from the legislative power of the state, then we must determine whether there has been an election conferring the required authority, whether

this condition precedent has been performed. In *Carpenter v. Town of Lathrop*, the opinion was further expressed that, "in all cases where the bond or other instrument purports to have been issued by delegated power, and when it could not be issued without such delegated power, it devolved on the plaintiff to show that the power has been conferred before he can recover, and that, in cases like the present, it should have been shown with reasonable certainty that the authority to issue bonds had been conferred by *an election authorized* by law, and that the vote had been *preserved by poll books or otherwise, by persons* authorized to do so, and that the votes had at least *been received and passed upon by some person authorized to pass upon them*, and decide whether an election had been carried, or whether the voters had assented to the subscription."

There is no question, as we have already seen, but that the lawfully authorized the issue of the bond upon the condition that the qualified voters should express, at an election for that purpose, their decision in favor of the issue of the same. But is there presented any evidence that such an election was held? There were no poll books preserved showing the vote at any election. Nor do we discover any evidence that the votes for and against the proposition to issue the bond were received and passed upon by any person authorized to pass upon them and decide whether an election had been carried, and whether the qualified voters had decided in favor of the loan and issue of the bonds to secure the same, unless the record of the board of education furnishes that evidence. Act of March 22, 1881, already cited, amended sections 7031, 7032, 7033 of the Revised Statutes, 1879. These sections, as amended, being part of chapter 150, article 1, in relation to schools, are to be construed in connection with the unamended sections of that chapter. Under section 7061, it is provided that the elections authorized in this chapter may be held at

the same time and place and in the same manner now provided by law for holding elections for school purposes. Hence, an election under section 7032, as amended, could be held at the same time and place and in the same manner as elections are held for school purposes. Section 7031, as amended, provides that the qualified voters, when assembled at the annual meeting, may organize by the election of a chairman, and, in the absence of the clerk of the district, a secretary, whose duty it shall be to keep an accurate record of the meeting, which, when duly approved and attested by the signature of the chairman, he shall deliver to the clerk of the district, who shall enter the same upon the record of the district. It is apparent from the whole tenor and scope of the several sections of the statute providing for annual and special school elections, that the board of directors are, from the record lodged with the clerk, to canvass the return of such elections, ascertain and declare the result. The board of directors being the canvassing board of the school district, their action must appear on their record. In this case the records of the board of directors does not show that any poll-books of the vote or ballots cast at the annual election on April 1, 1884, was preserved. There is no record of the annual meeting whatever, but the record does show these facts : *First*, at the meeting of the board of directors on March 8, 1884, a petition of the taxpayers, praying that a proposition be submitted to the qualified voters of the district to be voted on at the annual election on Tuesday, April 1, 1884, to borrow $1,500 for the purpose of adding a second story to the school building of the district, etc., and that the prayer of the petitioners was on motion "accepted ;" and, *second*, that at a subsequent meeting of the board on April 2, 1884, for the purpose of recording the result of the election at the annual election, it was ascertained and determined that the proposition to borrow $1,500 was carried by "some thirty-one votes over two-thirds majority." This

Heard v. The Calhoun School Dist.

statement embraces the whole of the record of the election that is preserved and presented for our consideration. Does this show with reasonable certainty that an election was held at which the vote was taken, and that it had been taken and the result decided substantially in conformity to the law? There was some evidence, as has already been stated, that there was not only an election, but previous notice thereof ; but, independent of this are we not justified in inferring, from the facts recited in the record of the board, that the election did take place, and that the record of the vote at the annual meeting was preserved by the district clerk and by him laid before the board of directors, and that from this the result was ascertained and declared by it? We can see no reason why the declaration of the board, which exercised the functions of a canvassing board, should not, like the certificates of any other canvassing board whose duty it is to canvass the returns of an election and declare the result, be considered *prima facie* evidence of the fact certified to. Mechem on Public Officers, sec. 212; McCrary on Elections, secs. 230, 231. We are inclined to think that, while the evidence is not as full and satisfactory as it ought to be, still it is sufficient to show with reasonable certainty, that an election was held at which the vote was taken, and that the result decided substantially in conformity to law. This was a sufficient investiture of the board with the requisite jurisdiction to issue the bond. There is no order on the records of the board as to the detail to be observed in the issue of the bond, but the statute, section 7033, as amended, furnished the guide for it in that regard, which seems to have been observed. The irregularities in the issue of the bond, if any there be, could not affect the plaintiff, an admitted innocent holder, with notice thereof, if the board was invested, by the law and the decision of the qualified voters of the district, with authority to issue the

bonds, as we think was the case. The municipality issued this commercial security, and placed it upon the market where the plaintiff bought it, and his money has been received and used in the building of the district schoolhouse. The district has received the full benefit of the loan. No fraud has been practiced upon it by the plaintiff or anyone else. And not only this, but it has paid two of the interest coupons becoming due thereon, and it does seem to us that in view of all these facts which the evidence conduces to prove that, both in law and in sound morals, the plaintiff is entitled to the aid of the courts of this state in enforcing the obligation of the bond which he has sued on. We think the court erred in sustaining the demurrer to the evidence.

The judgment will be reversed and the cause remanded. All concur.